CHITTENDEN,
*January,*
1841.

Farmers &
Mechanics
Bank
*v.*
Catlin.

---

### Farmers & Mechanics Bank *v.* Guy Catlin.

Where the drawer of a bill, near its maturity, makes a contract with the holder for the payment of the bill, upon further time, this supersedes the necessity of showing a demand on the acceptor and notice to the drawer.

Assumpsit, upon a bill of exchange of the following tenor.
" Burlington, May 26, 1837.

" Ninety-five days after date, pay to the order of C. T. " Catlin, seven thousand dollars for value received and charge " to the account of yours respectfully.

Guy Catlin.

" To J. M. Catlin."

Plea non assumpsit. Issue to the court.

On the trial in the county court, the execution of the bill by the defendant was admitted.

The plaintiffs gave in evidence a mortgage deed of certain lands, executed by the defendant to the plaintiffs and others, dated August 31st, 1837, containing a proviso that if the said Guy Catlin, his heirs, executors, &c., should pay the bill in question, and other bills therein specified, on or before

CHITTENDEN, the first day of January, 1838, then said deed to be void,
otherwise of force.

January, 1841.

Farmers &
Mechanics
Bank
*v.*
Catlin.

The plaintiffs also gave in evidence a writing of the following tenor, signed by Dan Day, which was in the hand writing of the defendant, except the signature thereto.

"I hereby authorize Guy Catlin to make any arrangement
" he may think proper for the payment or security of any drafts
" he has made on John M. Catlin, of New York, and accept-
" ed by him and on which I am indorser and are now due to
" the Farmers & Mechanics Bank and I waive all notice and
" demands of the same.

. Burlington Sept. 1. 1837.

DAN DAY."

The bill was indorsed by C. T. Catlin and Dan Day.

Upon this evidence, the defendant insisted that the plaintiffs were not entitled to recover, as they had not shown a demand of payment of the acceptor, and notice of non payment to the drawer, of the bill. But the court rendered a judgment for the plaintiffs, and the defendant excepted.

*J. Maeck,* for the defendant, contended that there was not the slightest proof to show that the defendant waived a demand on the acceptor and notice to the drawer of non payment, and referred to the authorities cited by him in the case of *Farmers & Mechanics Bank* v. *Day,* ante p. 37.

The mortgage deed, which is put into the case, is *res inter alios,* was executed previous to the maturity of the draft, recognizes nothing but a possibility of liability and does not afford the slightest excuse to the plaintiffs for their laches.

*C. D. Kasson,* for plaintiffs.

The only question in this case, is, whether the evidence tended to show that which operates as an excuse of a demand, and notice back to the *drawer.*

It appears, from the date of the mortgage and the writing signed by Day, that they were executed between the first and last days of grace of the bill of exchange. The instrument, signed by Day, in the defendant's hand writing, tended to show that he was at least advised that the bill was to lie over without demand ; if not, that he was a *party* to the arrangement. But, being nearly or quite contemporaneous with the mort-

CHITTENDEN,
*January,*
1841.

Farmers &
Mechanics
Bank
*v.*
Catlin.

gage, it is, we think, to be taken as a part of " the arrangement" therein referred to, the other part consisting of the mortgage. It may fairly be presumed that the plaintiffs were, by the promise contained in the mortgage, induced to rest on that and neglect to take measures necessary to charge the indorsers.

The defendant, being the drawer, is presumed to know whether the bill will be ultimately honored, and, if so, in advance of the time which would determine that fact, he sees fit to assume the payment, thereby lulling the holder into security, the court will presume that it was done for sufficient cause, such as the want of funds in the drawer's hands, or an acceptance for the drawer's accommodation merely, and will not suffer him, after the holder has lost all other security, to set up, as a defence, the want of formalities *occasioned by his own acts*. *Leffingwell* v. *White*, 1 J. C. 99. *Leonard* v. *Gray*, 10 Wend. R. 508.

The opinion of the court was delivered by

COLLAMER, J.—Five days before the maturity of the bill, the defendant, the drawer, gave to the plaintiffs, the holders, a mortgage to secure the payment of this and other bills, four months afterwards. It has been often decided that the legal effect of such a promise, at such a time, is a waiver of demand on the acceptor. It is presumed to have been made by the drawer, from a consciousness that he had no funds in the acceptor's hands, and therefore a demand is useless. In such case, this showing satisfies the usual averments of demand and notice. Both these points were decided in *Norton* v. *Lewis*, 2 Conn. R. 478.

Judgment affirmed.